# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEUTSCHE BANK NATIONAL TRUST COMPANY, as trustee,<br><br>        Plaintiff,<br><br>vs.<br><br>KARL W. WILSON; DOES 1-5,<br><br>        Defendants. | CASE NO. 11cv441 WQH JMA<br><br>ORDER |

HAYES, Judge:

On March 3, 2011, Defendant Karl W. Wilson initiated this action by filing a Notice of Removal from the Superior Court of California, for the County of San Diego. (ECF No. 1). Although the Notice of Removal asserts that Plaintiff's summons and complaint is attached as Exhibit 1, the only attachment is a summons on an unlawful detainer - eviction. The complaint is not attached.

On March 18, 2011, this Court issued an Order that stated:

> The Court finds that Defendant has failed to establish the "actual existence of subject matter jurisdiction." *See Thompson*, 99 F.3d at 353. Defendant is ORDERED TO SHOW CAUSE why this case should not be remanded to the state court for lack of subject matter jurisdiction on or before March 30, 2011. If Defendant fails to establish that subject matter jurisdiction exists, this Court will remand the case to state court.

(ECF No. 3 at 1-2).

On April 4, 2011, Defendant Wilson filed an Ex Parte Motion to Dismiss the Entire Action on the ground that the filing party had no standing to initiate this action. (ECF No. 4). Defendant Wilson contends that in early March he met Sondra Rogers who he believed to

1 work for a law firm that helped consumers defend against unlawful detainer actions.
2 Defendant Wilson contends that he paid Ms. Rogers and she assured him that an attorney
3 would stop a scheduled 'lock-out' and all other actions related to his unlawful detainer action.
4 Defendant Wilson contends that Ms. Rogers asked permission to sign a document for him, but
5 did not tell him what it was or what she intended to do with the document. Defendant Wilson
6 contends that he learned of the Notice of Removal after it was filed.  Defendant Wilson also
7 contends that he recently discovered that Ms. Rogers does not work for an attorney. Defendant
8 Wilson states that he "deeply regrets the filing of the Notice of Removal and related documents
9 ...."  (ECF No. 4-1 at 9).

10       The Court concludes that Defendant Wilson has failed to establish that subject matter
11 jurisdiction exists. Pursuant to 28 U.S.C. § 1447(c), this action is REMANDED to the
12 California Superior Court for the County of San Diego, where it was originally filed and
13 assigned Case No. 37-2011-00042444-CL-UD-CTL. The Ex Parte Motion to Dismiss the
14 Entire Action filed by Defendant Wilson (ECF No. 4) is DENIED as moot.
15 DATED:  April 11, 2011

16
17                                        **WILLIAM Q. HAYES**
                                       United States District Judge

18
19
20
21
22
23
24
25
26
27
28